Raymond SMITH, Plaintiff–Appellant,

v.

Ellen CAMPBELL, Defendant–Appellee.

No. 03–2350.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2004.

Raymond Smith, Detroit, MI, pro se.

Julia R. Bell, Office of the Attorney General, Lansing, MI, for Defendant–Appellee.

Before KENNEDY, DAUGHTREY, and COOK, Circuit Judges.

## ORDER

Raymond Smith, a Michigan prisoner proceeding pro se, appeals the district court order that dismissed his civil rights action brought under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Smith sued Ellen Campbell, a staff member at the prison where Smith is incarcerated. Smith alleged that Campbell violated his First Amendment right of access to the courts by withholding an item of legal mail for twenty-five days, causing his state court case to be dismissed. He named Smith in both her personal and official capacity. Campbell moved to dismiss or for summary judgment and Smith filed a response. The magistrate judge recommended granting the motion. The district court adopted the magistrate judge's report and recommendation over Smith's objections and dismissed the case. The court held that sovereign immunity barred Smith's claim for monetary damages against Campbell in her official capacity, that Smith failed to come forward with any evidence to rebut Campbell's proof that she did not cause the delay in delivering the mail, and alternatively, that Smith did not demonstrate actual injury to a direct appeal from a conviction, a habeas corpus petition, or a civil rights claim.

On appeal, Smith reasserts his district court claims and argues that: (1) Campbell did not provide proof of the investigation by the local post office; (2) the district court did not admit a letter from the state court as to when that court sent its notice to Smith; and (3) Campbell discriminated against him because he is pro se by requesting that the district court dispense with oral argument.

We review an order granting summary judgment de novo. *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we affirm the district court's decision for the reasons stated by the district court. Smith alleged that, on May 19, 2002, he received a letter from the Michigan Court of Appeals dated and postmarked April 22, 2002. The letter advised Smith that his complaint for superintending control would be dismissed unless he provided a proof of service within twenty-one days. The state court dismissed Smith's case on June 7, 2002. In support of her motion for summary judgment, Campbell swore in an affidavit that the letter in question arrived at the prison on

May 17, 2002, that she entered the receipt of the mail in the prison log book, and that she placed the letter in a mailbag for delivery. Another corrections officer delivered Smith's mail on Sunday, May 19, 2002. The copy of the page from the log book that Campbell submitted corroborated her affidavit. In response, Smith suggested that Campbell had fabricated the entry in the log book.

Campbell was entitled to a judgment as a matter of law. First, sovereign immunity barred Smith's claim for monetary damages against Campbell in her official capacity. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 n. 10, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Second, Smith failed to come forward with significant probative evidence to rebut Campbell's proof that she did not cause the delay in delivering the mail, and there was no evidence on which a jury could reasonably find for Smith. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Finally, Smith did not demonstrate actual injury to a direct appeal from a conviction, a habeas corpus petition, or a civil rights claim. *See Lewis v. Casey,* 518 U.S. 343, 355, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). The record shows only that Smith's action was a complaint for superintending control brought against a Michigan Circuit Court judge. Smith did not explain what the case was about or indicate that it involved his conviction or confinement. Accordingly, the district court properly granted summary judgment to Campbell.

We have considered Smith's arguments on appeal and conclude that they are without merit. For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.